## PURE OIL CO. et al. v. PRICE et al.

No. 22438. Opinion Filed Nov. 10, 1931.

Rehearing Denied Jan. 12, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Murrah & Bohanon and M. F. Boddie, for respondents.

LESTER, C. J. This is an original action filed in this court to review an award and order of the Industrial Commission in favor of John H. Price, one of the respondents herein.

The State Industrial Commission found that the claimant had suffered 65 per cent. loss of the use of both eyes and awarded $15.39 per week to continue for 325 weeks, which was to be in addition to the compensation theretofore paid the claimant for temporary total disability.

The petitioner claims there is no evidence to support the finding of the Commission that the claimant suffered a partial permanent disability to his eyes.

The record shows the following admission:

"By Mr. Gunnels: For the benefit of reducing or shortening the proceedings, we will admit that claimant was injured by an accident arising out of and in the course of his employment on the 27th day of July, 1930; that his daily wage at the time of the injury was $4 per day; that compensation has been paid the claimant for the period of temporary total disability as indicated by Form 7, 'Stipulation and Receipt' on file with the Commission, and as I understand it there is no claim for further temporary total.

"By Mr. Murrah: Let the record show the injury was July 8th instead of July 27th, and that there has been $36 compensation paid."

Dr. J. W. Shelton testified that he examined the claimant on September 19, 1930; that the claimant had a loss of vision of about 51.1: that he again examined the claimant's eyes on May 7, 1931; and that the best admitted vision was 20/100 in the left eye and 20/200 in the right; that the last test indicated that there had been further progress in the loss of vision in the right eye and that the condition of the claimant's eyes at the last examination indicated 51.1 in the left eye and 80 in the right. He also testified:

"Q. I will ask you if you made a careful examination each time? A. I did. Q. Did you use any tests on this man to determine whether he was sincere or a malingerer? A. I did use the malingering test, we use them on all our cases. Q. Were you able to determine whether he was sincere? A. I was not able to find any indications of a malingerer."

This witness was not cross-examined by the petitioner.

The claimant testified that on the 8th day of July, 1930, he received an injury consisting of burns on the face and eyes; that it was caused from steam and oil coming from a lubricator; that he was filling a lubricator and opened the bottom to let the water drain out; that when it had drained out he lifted up the top to look at it and steam and oil struck him in the face; that he was thereafter taken to a hospital, where he remained for two weeks; that he received treatment for his eyes for a period of about a month and one-half. The claimant further testified that prior to July 8th and prior to the injury he had never experienced any trouble with his eyesight.

We think that the claimant was competent to testify as to the general condition of his eyesight prior to the accident, and as to whether or not he was deficient therein.

In our judgment there was substantial evidence indicating that the condition of the claimant's eyesight was growing worse, as indicated by the two different examinations made by Dr. Shelton. The last examination of the claimant's eyes occurred about nine months after the injury, and as indicated by the attending physician, the condition of the claimant's eyesight was growing worse.

In our judgment the Commission, under all the facts before it, were warranted in finding that the claimant had suffered a partial permanent injury to his eyes.

The award is affirmed.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY. JJ., concur. RILEY, HEFNER, and McNEILL, JJ., absent.